NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANE JANHOI DOUGLAS WHITEHORN,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-2099<br><br>Agency No.<br>A205-114-621<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
Pasadena, California

Before: GILMAN[***], M. SMITH, and VANDYKE, Circuit Judges.

Petitioner Dane Janhoi Douglas Whitehorn, a native and citizen of Jamaica,

seeks review of an Immigration Judge's (IJ) decision concurring with an Asylum

Officer's negative reasonable fear determination and denial of claims for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

withholding of removal and Convention Against Torture (CAT) relief. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's findings of fact "under the highly deferential substantial evidence standard." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Under this standard, the agency's findings are considered "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). We review the agency's conclusions of law de novo. *Id.*

1. A non-citizen whose removal order has been reinstated must establish a "reasonable fear" of persecution or torture in the country of removal before raising a withholding or CAT claim. *Orozco-Lopez v. Garland*, 11 F.4th 764, 771 (9th Cir. 2021). A non-citizen clears this hurdle if he "establishes a *reasonable possibility* that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion . . . [or] a reasonable possibility that he or she would be tortured in the country of removal." 8 C.F.R. § 208.31(c) (emphasis added). The "reasonable possibility" standard is less demanding than that required for an ultimate grant of statutory withholding or CAT protection, which requires the applicant to show that it is "more likely than not" that he or she will be persecuted or tortured. 8 C.F.R.

2

§ 1208.16(b)(2), (c)(2). To demonstrate a nexus between persecution and a protected class, a noncitizen must demonstrate that persecution occurs "*because of* th[e] [protected ground]." *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Because "'motive is a matter of fact,' we review … for substantial evidence." *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 893 (9th Cir. 2021) (quoting *Matter of N-M-*, 25 I. & N. Dec. 526, 532 (BIA 2011)).

Substantial evidence supports the IJ's determination that Whitehorn's alleged past persecution had no nexus to a protected ground, but was instead solely motivated by financial reasons. Whitehorn's testimony before the Asylum Officer and IJ both emphasized that the gang that extorted him, the 20 Cent Gang, was motivated by purely financial interest. For example, Whitehorn stated that the gang extorted him for no reason "other than [he] had to pay them the dues/taxes" for operating his business. When asked if the gang targeted him for non-financial reasons, Whitehorn responded "I don't know if they have any other reasons." As our court has explained, a "desire to be free from harassment by criminals motivated by theft … bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). Because Whitehorn repeatedly described the alleged past persecution as motivated solely by financial interests, the record does not compel a finding that he alleged a nexus between past persecution and a protected ground.

3                                                                      23-2099

Regarding CAT protection, Whitehorn failed to allege that the 20 Cent Gang's extortion scheme meets the statutory definition of torture. "Torture" consists of actions that are "inflicted by, or at the instigation of, or with the consent or acquiescence of" a public official or other person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). And "acquiescence" requires more than "a general ineffectiveness on the government's part to investigate and prevent crime." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

Whitehorn admitted that he never reported the extortion to the police and emphasized that he had never had any problems with the Jamaican police. Although he stated that he was generally aware of corruption within the police ranks and believed that they would provide his information to the gang, he did not explain the source of that subjective belief. Whitehorn's subjective belief of police corruption amounts to "mere idle speculation or rumor" insufficient to support even a preliminary finding of torture. *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1197 (9th Cir. 2021).

2. Whitehorn also challenges the IJ's adverse credibility determination. Even assuming, however, that the IJ erred in finding Whitehorn's additional testimony not credible, that testimony still failed to show a nexus between past persecution and a protected category or government acquiescence in torture.

3. Whitehorn also seeks to raise for the first time on appeal a claim for ineffective assistance of counsel. But to exhaust a claim of ineffective assistance of counsel regarding prior counsel's performance, this court requires the petitioner to file a motion to reopen with the agency and first raise the claim there. *Benedicto v. Garland*, 12 F.4th 1049, 1062 (9th Cir. 2021). Whitehorn has failed to do so. Thus this court may not review his ineffective-assistance-of-counsel claim. *See id.*

**PETITON DENIED.**[1]

---

[1] The Court also denies Petitioner's motion to take judicial notice (Dkt. No. 27) and his motion to supplement the record (Dkt. No. 28) because both motions seek to bolster the ineffective-assistance-of-counsel claim, which is not properly before us.